1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

MAKO BURSHI,

                                    Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                                    Defendant.

Case No. 2:15-cv-01912-BHS-KLS

REPORT AND RECOMMENDATION

Noted for October 7, 2016

12
13
14
15
16
17
18

        Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security income (SSI) benefits. This

matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v.*

*Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons

set forth below, the undersigned recommends that the Court reverse defendant's decision to deny

benefits and remand this matter for further administrative proceedings.

19
20

FACTUAL AND PROCEDURAL HISTORY

21
22
23
24
25

        On March 28, 2013, plaintiff applied for disability insurance and SSI benefits, alleging

she became disabled beginning February 28, 2009. Dkt. 9, Administrative Record (AR), 14. Both

applications were denied on initial administrative review and on reconsideration. *Id.* At a hearing

held before an Administrative Law Judge (ALJ) plaintiff appeared and testified, as did an

interpreter and a vocational expert. AR 34-63.

26

        In a decision dated June 24, 2014, the ALJ found plaintiff could perform both her past

REPORT AND RECOMMENDATION - 1

relevant work and other jobs existing in significant numbers in the national economy and therefore was not disabled. AR 14-27. The Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner, which plaintiff then appealed to this Court. AR 1; 20 C.F.R. § 404.981, § 416.1481; Dkt. 3.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1)     in evaluating the opinion evidence from William Alto, M.D., Soada Zubair, M.D., and Jessica McHugh, M.D.;

(2)     in discounting plaintiff's credibility;

(3)     in assessing plaintiff's residual functional capacity (RFC); and

(5)     in finding plaintiff could perform both her past relevant work and other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating Dr. Zubair's opinion, and thus in assessing plaintiff's RFC and in finding she could perform both her past relevant work and other jobs in the national economy. The undersigned therefore recommends that the Court remand this matter for further administrative proceedings.

<u>DISCUSSION</u>

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of*

REPORT AND RECOMMENDATION - 2

*Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.      The ALJ's Evaluation of Dr. Zubair's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

REPORT AND RECOMMENDATION - 3

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at

REPORT AND RECOMMENDATION - 4

1    830-31; *Tonapetyan*, 242 F.3d at 1149.

2        Plaintiff argues the ALJ failed to properly consider the opinion of Dr. Zubair, who

3    conducted a physical examination in late March 2012. AR 472-75. The ALJ addressed that

4    opinion as follows:

5
6        Dr. Zubair opined . . . [i]n a functional assessment, [that] the claimant could
         lift and carry twenty-five to fifty pounds, twenty-five frequently and fifty
7        occasionally. She could stand and walk for a half hour. The claimant can sit
         for one hour, up to six hours per eight-hour day, with intermittent breaks of
8        standing and walking. Her manual dexterity was normal. She could climb,
         stoop, kneel, push, pull, balance, crouch, crawl, reach, feel, and handle objects
9        with support. The claimant was capable of performing a "sitting" job.

10       Some weight is assigned to this assessment. I find that the sitting capacity is
         fairly consistent with light work, but the lifting/carrying is somewhat more
11       limited based on the record as a whole. The standing/walking limit of half an
         hour is unsubstantiated by the examination, showing normal range of motion
12       in all joints, and the record. I also do not find intermittent breaks necessary
         based on the unremarkable examination. The normal breaks included in the
13       workday should suffice. I note that the State assessor, discussed in more detail
         below, gave moderate weight to this evaluation as well, noting that the
14       opinion was inconsistent with certain exam findings, as the claimant did not
         change positions during testing and sat comfortably.
15

16   AR 23 (internal citations omitted).

17       The undersigned agrees with plaintiff that the ALJ failed to provide valid reasons for

18   assigning only some weight to Dr. Zubair's opinion. First, Dr. Zubair's examination was not

19   unremarkable, although it did contain some unremarkable findings. AR 474. For example,

20   plaintiff exhibited pain and tenderness in her back, and indeed at one point "got exhausted from

21   pain, and the examination had to be stopped for a couple of minutes." *Id.* "The Faber test was

22   very painful on the right side with complaints of pain in the back as well as the left hip," and the

23   left ankle also was "markedly tender." *Id.* Dr. Zubair's own findings certainly could support the

24   limitations he assessed, and while the ALJ did summarize those findings in her discussion, she

25   failed to adequately explain why she found the less remarkable findings to be a more credible

26   REPORT AND RECOMMENDATION - 5

indication of plaintiff's functioning. *Gonzalez Perez v. Sec'y of Health and Human Servs.*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for findings and opinion of physician); *McBrayer v. Sec'y of Health and Human Servs.*, 712 F.2d 795, 799 (2nd Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion).

Other medical evidence in the record,though again intertwined with other less remarkable findings, reveals pain, tenderness, and restricted range of motion on examination that likewise are supportive of Dr. Zubair's assessment. AR 348-49, 379, 483-85, 500, 506, 531, 551, 559, 575, 590, 600. Lastly, the opinion of a non-examining medical source by itself is insufficient to overcome the opinion of an examining medical source, particularly where the objective findings in the record tend to support the latter's opinion. *Tonapetyan*, 242 F.3d at 1149; *Lester*, 81 F.3d at 830-31. The ALJ's evaluation of Dr. Zubair's thus is in error.

II.     The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

REPORT AND RECOMMENDATION - 6

a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the RFC:

> **to perform light work . . . except [she] can stand and walk for about 6 hours on level ground and sit for more than 6 hours with normal breaks and can lift, carry, push and pull within light exertional limits. The claimant can frequently finger and feel. The claimant can perform work in which concentrated exposure to extreme cold, heat, wetness, fumes, odors, dusts, gases, poor ventilation and/or hazards is not present. In order to meet ordinary and reasonable employer expectations regarding attendance, work place behavior and production, the claimant can understand, remember and carry out unskilled, routine and repetitive work.**

AR 19 (emphasis in the original). But because as discussed above the ALJ erred in evaluating

Dr. Zubair's opinion, this RFC assessment cannot be said to completely and accurately describe

all of plaintiff's functional limitations. The ALJ thus erred here as well.

III.   The ALJ's Determination at Step Four and Step Five

At step four of the sequential disability evaluation process, the ALJ found that based on

plaintiff's RFC and the physical and mental demands of her past relevant work, she could

perform that work. AR 25. Plaintiff has the burden at step four of showing she cannot return to

her past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). She has met

that burden here in light of the fact that the ALJ relied on the above RFC assessment to find her

capable of doing so, and that that assessment is erroneous.

The ALJ went on to find in the alternative at step five that plaintiff could perform other

jobs existing in significant numbers in the national economy, again based on her RFC, as well as

her age, education, and work experience. AR 25-26. At step five the ALJ can show a significant

number of jobs exist in the national economy that plaintiff can do through the testimony of a

REPORT AND RECOMMENDATION - 7

vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1098-1101; 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

The vocational expert's testimony thus must be reliable in light of the medical evidence in the record to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). As such, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). But once more because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question she posed – and thus the vocational expert's testimony and the ALJ's reliance thereon to find plaintiff can perform other jobs existing in significant numbers in the national economy – cannot be said to be supported by substantial evidence or free of error.

IV.   Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

REPORT AND RECOMMENDATION - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain in regard to the medical evidence in the record, plaintiff's RFC, and her ability to perform both her past relevant work and other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings herein.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (Fed. R. Civ. P.) 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **October 7, 2016**, as noted in the caption.

DATED this 23rd day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9